Number 067303 Hartman against the Department of Veterans Affairs, Ms. Paxson. May it please the Court, I'm Susan Pazak and I represent Mr. Hartman in this matter. Mr. Hartman is a Vietnam War veteran who was seeking a disability compensation for post-traumatic stress disorder. And he applied for benefits before the enactment of what we call the VCAA, the Veterans Claims Assistance Act, which is now codified as 38 U.S.C. Section 5103. And so this case involves a question of, did Mr. Hartman receive proper notice under that section of the act? And in particular, the lower court's interpretation of that section. In this case, the Veterans Court found that basically he had received proper notice because he had already substantiated his claim at the time the VCAA came into being. And so therefore, he wasn't entitled to further notice under that act. And it's the veterans' contention that that is an incorrect interpretation because the court is looking at a claim in too narrow of a sense. This court in Calero in the U.S. found that a claim involves five basic elements. The individual's status as a veteran, whether there's an existence of a disability, whether that disability can be connected to the veteran's service, the degree of disability, and the effective date. And the two important points here are, is the veteran entitled to notice once he meets the first three steps but has a disagreement with the degree of disability or the effective date? Well, as I understand what the Veterans Court held was that once there had been a final determination by the regional office, final in the sense that not necessarily final in the whole process, but once the regional office had disposed of the case, that marked the end of the claim processing and that therefore there was no need to give the veteran any notice of what he had to produce when the veteran filed a notice of disagreement, which is how you initiate an appeal before the veteran. As I understand, you claim that since claim is broad enough to include application, the notice of disagreement should be therefore treated as a claim and therefore the secretary was again required a second time to give the veteran information on what he had to supply in order to maybe prevail in his appeal. Is that your basic position? Yeah, that's correct because it's important to look at the procedure here. When a veteran files a notice of disagreement because he or she disagrees with an effective date or degree of disability, that doesn't necessarily end what the regional office does with the case. The statute, section 7105, provides that before issuing a statement of the case and sending the case on to the board for review that the regional office attempt to resolve any disagreement that the veteran has brought to their attention. So there is a procedure in place for the regional office to retain the case after the notice of disagreement is filed and to take further action on it. It's not as if you're filing a notice of appeal in a case that you're going from a trial court to an appellate court. Here the veteran files the notice of disagreement and the regional office has the opportunity to look at the case again to take additional evidence. They can even refer it as changes in their regulations in 2001. The case could be referred to a decision review officer who looks at it de novo and then they may resolve the case right there without even sending it on to the board. So I think the court was looking at this too strictly as, well, the appellate process starts the minute the notice of disagreement is filed because, you know, I don't think that that's the case under the statute. And the VA owes a very high burden to the veteran to help them with the claim, to assist them with the claim. It's throughout the case law that this is supposed to be a very pro-veteran, non-adversarial process. So you're not automatically kicking into some adversarial appellate process when you file a notice of disagreement. Well, I'm noticing here at page 75 of the joint appendix the notice of disagreement. It really says nothing. All it says is I disagree with the decision of the regional office denial of the erroneous denial of my claim for an earlier effective date. Right, and that's all really that is required to file the notice of disagreement. And then in response to that, the regional office will file a statement of the case. Is that right? They can do that, yes. But don't they normally do that? They normally may do that, but there is nothing that says they immediately have to issue a statement of the case. Under section 7105, it says that the regional office can take the opportunity for further development to take new evidence and to try to resolve the case before they issue the statement of the case and send it on to the board. Now, did they do that in this case? No. All they did was issue a statement of the case and then it went on to the board. Because you said the notice of disagreement says I look forward to receiving your statement of the case. So this was all before enactment of the statute, the VCAA? Well, actually, the notice of disagreement was filed after the VCAA had been enacted. That was enacted in November of 2000, and Mr. Hartman filed his notice of disagreement in February of 2001. Because the government says, well, we'll ask Mr. Hockey, that it might have been different if his claim had originated later. I don't want to put words in his mouth. Do you get a sense that there would have been a difference? Yes, I do get that sense, that if he had not already had a regional office decision and filed a notice of disagreement, that it would have been treated differently if he had just filed his original application after the VCAA had become effective. So did he subsequently ask for assistance under the VCAA, or was he already in this loop, whatever it is? Well, he was already in the loop. He filed his notice of disagreement a little over two months after that. The statement of the case was issued, and then it eventually came to decision by the Board of Veterans' Appeals in February. Now, after the statement of the case is issued, I assume the veteran has an opportunity to respond to that and say why he disagrees and why they misinterpreted the evidence and everything, whatever he wants to say. Yes. As a matter of fact, once a statement of the case is issued, the veteran is required to file what's called a VA-4-9 to say, you know, these are the parts of the statement of the case I disagree with, and that's necessary for the appeal to go on to the Board. If that is not filed within a certain time frame, then his case is considered abandoned. Now, when the veteran responds to the statement of the case, may he produce some additional evidence relating to his claim? Yes. The veteran does have the opportunity throughout the whole procedure with the Board to submit evidence at a later date. But the question is, if he doesn't have notice as to what evidence may be needed and what his burden is to produce the evidence versus the charge. The statement of the case doesn't address, would it address, for example, that there was evidence that was missing that would be necessary to sustain his claim? Or is it just sort of, in effect, an opinion of the regional office as to why it denied the claim? Right. Basically, what it was in this case was first a sort of boilerplate recitation of all the specific sections of the law they relied upon, and then a short section that's on page 74 of the joint appendix called reasons and bases that just says, you know, this is why the decision was made. There's nothing in the statement of the case specifically that addresses the requirements that are put forth in the VCAA. Counsel, I certainly understand that you think that the VA has improperly interpreted Statutory Section 5.1 of the 3A with regard to notice. What is it that is the ultimate outcome here? What is it you want us to do? Because throughout the brief, I sensed that there was a desire to have us change the effective date of his claim. We can't do that. Right, and I understand that. That's not within our power under the statute that we have jurisdiction over. So what is it that you want us to do, and what's going to happen next if we do it? Well, yeah, I believe what should have been done in this case is since the VCAA was effective when the notice of disagreement was filed, that the regional office should have issued notice at that point regarding the effective date issue. Or when the board got the case, rather than saying, well, we think the VCAA requirements were met, they should have sent it back to the regional office for further notice requirements and giving the veteran the opportunity to develop the case further as he may have needed. When was the NOD filed? February 23, 2001. And so you think as of that date, they should have. But didn't 5.103 get enacted after that? No, it was in November of 2000. Okay, that's right, November 9, 2000. Right, and in particular, this court in Mayfield v. Nicholson, which came out subsequent to the Veterans Court decision in this case, found that these post-decisional documents, like the statement of the case, weren't sufficient because they did not provide the notice that was required under Section 5.103. Okay, so if we decide that the notice that was required under 5.103a was not provided in this case because we believe and agree with, if we do, your interpretation of substantiating the claim, then we say they didn't give proper notice as of the date of the NOD. And what's the result? What happens then? So they didn't give proper notice. What does that mean? Well, then that gives the veteran an opportunity, once he has the notice of what is required, to come back in with additional evidence that may substantiate his claim for a higher effective date. In the conclusion of your last sentence, you said the Veterans Court should be ordered to remand the case to the board with instructions to the DVA to provide proper statutory notice to Mr. Hartman. And I take it you're asking us to wipe out everything that happened after the regional officer's decision, send it back, they should then give this notice, and then in response to that notice, the veteran can say, file whatever it wants, and then at that point after he sees what happens, if the regional office comes out the way it had previously, he will then file a new notice of disagreement, and the regional office will then file a new statement of the case, and the proceedings would go forward. Correct. So all you really want us to do is to order the regional office to give him the notice it didn't give him as to what additional material he would have to supply to support his case. Yes. Okay. Let's hear from the other side. Mr. Hockey. May I please quote? I think as we pointed out thoroughly and I agree, the request for relief here is inconsistent with not only the several statutes, the statutory scheme when you look at it all together, the implementing regulations for the VCAA, and frankly it's rather impractical given the existing framework, which is available to veterans in the development of their claims. Let me first begin. The issue here can be characterized, I guess, one of two ways. Because the court here held that the initial notice, the VCAA notice, does address all five elements. So further argument about that decision either leads one to conclude that there should be an automatic notice issued every time a notice of disagreement is issued, or that perhaps in a broader sense that there should be multiple VCAA notices issued throughout the case. But let's focus on, I think, the former, because that's what's more brought out here in the facts of this case, is that Mr. Hartman contends that at the time he filed a notice of disagreement, it triggered a responsibility by the Veterans Department to issue a notice pursuant to Section 5103, Subsection A, the VCAA. Setting aside for the moment the issue of whether or not it was even required at the time, which that wasn't, as the court noted, the plain language of the 5103, Subsection A, provides that the notice that's intended to be issued pursuant to that statute is issued at the outside of the case. Now Mr. Hartman, he responds to this by saying, well, if we look at this general definition of claim in VA's Regulation 38.3.1p, the claim talks about application, and you could talk about a notice of disagreement as being an application. But indeed, notice of disagreement is specifically defined by statute as well in 7105. And further in VA Regulations 38 CFR 20.201, it's defined as a disagreement with a decision. It's not anywhere connected with the submission of your initial claim for benefits, like the notice of 5103, Subsection A, which is further defined by the VA in its Regulation 3.159, which defines the substantially complete application, which triggers the issuance of 5103, Subsection A notice, in which this court found to be the case in the PVA facial challenge to the regulation at 345 F. 3rd of 1360. Counsel, I've never heard someone rattle off numbers so quickly. Sorry. Maybe it's the pregnancy, but I need you to slow down just a little. I am following you, but just slow down a little bit. So when you're talking about the CFR, I certainly recognize that you all pointed our attention to the Section 3.159 and that that language seems to absolutely mirror the language of 5103A. It does. In fact, I think this court in many respects based its decision in PVA on the fact that in most respects the decision mirrors the statute. So, of course, the first question is the statute, and the statute's language talks in explicit terms about the notice related to that section being the initial notice in the case, which is issued upon receipt of a complete or substantially complete claim and application. And, in fact, if I'm remembering right, didn't the Secretary add that language in response to notice and comment, the language about upon receipt of a complete or substantially complete application? That language was actually added during notice and comment, wasn't it? It's possible, and the fact that I argue PVA, I should know the answer to that, but I stand here before you to say that I have not looked back at the record, the notice and comment record. But, indeed, it's, again, it's reflective of the plain language, which, again, as we noted in our brief, is highlighted or supported at least, although we don't think it's necessary for the court to look at the legislative history in this case. But, certainly, if the court were to consider the legislative history supporting the 5103 subsection A, it would further lend credence to the conclusion that the 5103A notice is that notice which starts the process, and it's to be distinguished from that notice that would be provided subsequent to the following of the notice of disagreement, which is also required by statute. And, in fact, the statute that predated the BCIA, section 7105D, the statement of the case. But, in that case, in noticing that, I think at least some people would say that even though there were obligations that predated the statute after the statute was enacted, there seemed to be a quite significant change in the relationships and in the participation. If, in fact, and this whole appeal has to be premised on the petitioner's sense that had additional information and assistance been provided, he would have been better off, would have been able to make the case. It has to be that, doesn't it? And so, assuming that that's the contention, when such a contention is made, isn't the easiest thing for the VA to do, to say, how can we help you? Rather than you have to litigate it twice, first to show that we have to help you, and then we'll tell you if we can or if we can't. No, I think that the VA did that in this case. I mean, when the Veterans Court noted that the case was substantiated when the decision was awarded in 1999, what that means is that the relief was granted. There was a service connection finding. There was a benefit bestowed upon the veteran. There was an effectiveness date associated with that benefit that dated back to the time of his claim. But it makes no sense, does it? I mean, just reading the request for relief is let us authorize or instruct, essentially starting again, underlying it has to be the premise that with a fresh start and the assistance of the VA, the claim could be substantiated or has a better chance of being substantiated. Well, see, that's, I think, where we respectfully disagree, Your Honor. The claim was substantiated. The claim was based upon the evidence that was gathered during the process. And the decision was issued. The benefits were granted. But for the date. But for the date. Now that's where we move, if you will, through the VA process. And once that happens, as the Veterans Court rightfully noted in this case, then a separate notice requirement is triggered. That under 7105D, provided the veteran claimant submits a notice of disagreement. Would the result in this case have been any different if instead of the dispute being over the effective date, the VA had said, you haven't shown service connection? And then the question would be... And therefore we deny your claim. Right. And they then file a notice of disagreement saying, you're wrong, this was the result of my service. Would that be different? Would the regional office then have to give them a notice saying that if that's what you're arguing, this is what you failed to show, and this is what you have to show? That was done in many cases, Your Honor, that were unsubstantiated at the time of the BCAA. The VA went back and provided notice in those cases pursuant to the BCAA. This is not one of those cases. This was a case... I mean, there's a contention that it was unsubstantiated. But what really is the contention is that there was a disagreement about the substantiation. But isn't the effective date part of the claim? The effective date is part of the claim. And there was a disagreement in this case as to whether the effective date was appropriate. In this case, the evidence demonstrated that the effective date was the date that the veteran made the claim. Now, there are ways to get earlier effectiveness dates. But in this case, the evidence didn't demonstrate entitlement to any of those ways. And so all I'm suggesting is that upon the issuance of the notice of disagreement, then, as counsel explained, now there's even more. Now you can have a DRO official look at it again. But in the NOD, the veteran complains. In this case, as your Honor... Am I correct that the real statutory question here is whether this application for a claim was complete or substantially complete before the veteran filed a notice of disagreement? Right. We contend that... You say it was complete, and therefore the obligation to give notice was satisfied. Was satisfied. And when a notice of disagreement is filed, then a second obligation is triggered, not the one that's triggered with respect to the filing of the initial claim. Now, with the filing of the notice of disagreement, a second notice is triggered, the 7105D statement of the case notice. There are two different... And what does that obligate the regional office to do to prepare a statement of the case? Is that all? Explain the reasons and basis for its decision identifying the evidence considered. And it's written plainly in the statute and also in the implementing regulation. And at that point, the veteran has the opportunity to bring additional evidence? Absolutely. As counsel was correct, there are numerous opportunities subsequent to the issuance of the statement of the case, provided that the veteran, what they call, completes the appeal process by filing the VA Form 9, saying, I want to go forward, and these are the bases that I want to go forward, these are the things that you have in your statement of the case that I disagree with and take issue with. And they can file new evidence. They can file new evidence. The evidence, if it comes in along with the VA 9 application or shortly thereafter, the regional office reconsiders it under its own regulations without sending the package to the board. If it comes in after the package has been certified and sent to the board, then the board makes the determination as to whether they should look at or that remand is required. And if the board were to conclude that the new evidence that has been cited might well lead to a different result, the board would then remand it to the regional office? The board has that authority to remand it to the regional office. Or the board, I suppose, on its own, would look and say, well, this evidence wasn't before the regional office and in the light of this evidence, there's no doubt what the outcome should be. I believe, I don't believe there's anything prohibiting the board from reaching a conclusion of benefit or war based upon evidence that, well, yeah, there has to be, the exception is, but I think in the case that you're suggesting, Your Honor, it wouldn't be an issue that, of course, the veteran claimant would need to waive its right to have the evidence resubmitted to the regional office. And the question, I guess the question before us is whether at the point of time when the regional office is preparing its statement of the case in response to the notice of this agreement, there's a further obligation on the regional office before it actually issues its statement of the case to tell the veteran, if you hope to get anywhere in this appeal, you've got to produce this and this evidence. That seems to be the contention that's being raised here, is that there's another notice requirement subsequent to a regional office decision aside from that required by, what we maintain is required by statute pursuant to 7105. We think that the only reasonable construction of 5103 subsection 8, given its plain language, its legislative histories, juxtaposition with the other existing statutes is that it applies to the outset of the claiming process and not to the situation that Mr. Hartman faced here in which he'd already received an award and he was just satisfied with the effectiveness date. At that point, then further notice is provided pursuant to other statutory and regulatory provisions, which it was in this case, as the court noted. Any more questions? Thank you, Mr. Hockey. Ms. Paksak, you have some rebuttal time if you need it. Yes, with regard to the last point that was brought up about the ability of the veteran to bring in additional evidence after notice of disagreement and after the statement of cases, the important point to remember here is that the veteran must know what evidence is needed, and that's why notice setting forth what evidence is needed is required, because otherwise, then the veteran does not have the benefit of the VCAA if, once he proves service connection, he's never given any further assistance to prove what he needs to prove a higher rating or an earlier effective date. So, in effect, then, the VCAA is only being applied to the veteran's status, disability, and the service connection, and not giving him the benefit of the VCAA to prove all the elements of the claim. So what would they have said in this case, though? If you fail to prove the effective filing date, you need to provide evidence of... Right, they would have to set forth what type of evidence could possibly show that he was entitled to an earlier effective date. But what if there is none because they decided he abandoned his claim as of such and such a date? So they can't... There's nothing they can say, really, to give him any guidance at that point. Right. In a case like that, that may be true. But, you know, you have to look at this as he didn't have an opportunity to know anything at all regarding whether the evidence he had produced for an earlier effective date could possibly even be sufficient. Well, did he produce any evidence regarding the earlier effective date before the regional office? Yes, he had produced some... There were some medical records that had shown treatment well before the time that he had... And did the statement of the case explain at all why those records were inadequate to support the earlier date? No, all the statement of the case basically did was set forth a number of statutory and regulatory provisions and then said, basically, we don't feel there's sufficient evidence or cause to award an earlier effective date. But they didn't discuss the evidence at all? No, all it basically did is listed some evidence that had been produced. Any more questions? No. Any more questions? Thank you, Ms. Paxson. Mr. Hoffman, case is taken into submission. All rise.